IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIPS NORTH AMERICA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1210-L-BN |
| | § | |
| UNITED STATES AUTOMOBILE ASSOCIATION, | § | |
| | § | |
| Defendant/Garnishee. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER AND NOTICE OF DEFICIENCY**
**REGARDING SUBJECT MATTER JURISICTION**[1]

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 4.

Plaintiffs Phillips North America LLC ("Phillips") filed this Application for Writ of Garnishment against United Services Automobile Association ("USAA"). Dkt. No. 1.

When reviewing Phillips's application, the Court became concerned that there are issues with the subject-matter jurisdiction over this action. No "party has raised jurisdictional issues, but [the Court is] obligated to raise the matter sua sponte, certainly when jurisdiction appears questionable." *In re Stonebridge Techs., Inc.*, 430

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

F.3d 260, 265 (5th Cir. 2005) (cleaned up).

Phillips alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1 at 2.

Courts have found subject matter jurisdiction over garnishment actions under 28 U.S.C. § 1332, but the amount-in-controversy requirement must be satisfied based on the garnishment action and the plaintiff's citizenship must be diverse from the defendant (judgment debtor) and from every garnishee joined in the action. *See Berry v. McLemore*, 795 F.2d 452, 456 (5th Cir. 1986); *see Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020), *as revised* (Dec. 30, 2020).

"[T]he party asserting federal subject-matter jurisdiction[ ] has the burden of proving that jurisdiction is present." *Apter v. Dep't of Health & Hum. Servs.*, 80 F.4th 579, 587 (5th Cir. 2023) (cleaned up).

As to the complete diversity requirement, Phillips alleges that:

- "Plaintiff Philips North America LLC is a Delaware LLC, formerly known and doing business as Philips North America Corporation (a Delaware Corporation), with a principal place of business in Andover, Massachusetts";

- "Garnishee United Services Automobile Association is a financial services corporation organized and existing under the laws of the State of Texas with a principal place of business in San Antonio, Texas. Garnishee can be served with process through its registered agent for service of process, Corporation Service Company 211 E. 7th Street, STE

620, Austin, Texas 78701";

- "Judgment Debtor Image Technology Consulting, LLC is a medical imaging device distributor and service provider corporation organized and existing under the laws of the State of Texas with a principal place of business in Lancaster, Texas";

- "Judgment Debtor Marshall R. Shannon is the Director of Operations at Image Technology and on information and belief, he resides in Lancaster, Texas";

- "Judgment Debtor Image Technology Consulting II, LLC is a medical imaging device distributor and service provider corporation organized and existing under the laws of the State of Texas with a principal place of business in Lancaster, Texas"; and

- "Judgment Debtor Axiom Imaging Solutions, Inc. is a medical imaging device distributor and service provider corporation organized and existing under the laws of the State of Delaware with a principal place of business in Lancaster, Texas."

Dkt. No. 1 at 1-2.

But Phillips has failed to plead the citizenship of several parties, including its own, in this action as the governing law requires.

Phillips and two of the Judgment Debtors – Image Technology Consulting, LLC and Image Technology Consulting II, LLC – are limited liability companies.

The citizenship of a limited liability company ("LLC") is determined by the

citizenship of each of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990); *see also V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (court must also know citizenship of each "sub-member"). .... The allegations of an LLC's citizenship must include each member's *identity and citizenship*. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *Hise Real Estate Invs., LP v. Great Lakes Ins. SE*, 2021 WL 217264, at *2 (E.D. Jan. 21, 2021); *Linder Enters. v. Martinringle, Inc.*, Civ. Action No. 3:07-CV-1733-G, 2007 WL 3095382, at *1 (Oct. 22, 2007) (Fish, C.J.) (ordering plaintiff to specifically allege "the names and citizenship of all the members/owners of the defendant Jenterra [LLC]."). Further, an allegation that "all members" are citizens of a particular State is insufficient and fails to "distinctly and affirmatively" allege the citizenship of an LLC. *See Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

For all LLCs in this action, Phillips must identify each member and their citizenship, through every layer. The Court reminds Phillips that, if any LLC member is a natural person, "citizenship and residence, as often declared by this court, are not synonymous terms." *Robertson v. Cease*, 97 U.S. 646, 648 (1878). "For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citing *Gilbert v. David*, 235 U.S. 561, 568-69 (1915)); *accord Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) ("Domicile requires the demonstration of two factors:

residence and the intention to remain.").

Phillips has not "distinctly and affirmatively allege[d] the citizenship of the parties." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) (cleaned up).

And, so, the Court cannot at this time whether diversity jurisdiction exists, which is the sole basis for the Court's subject matter jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). And "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Toyota Motor Corp.*, 978 F.3d at 282 (cleaned up).

By **July 16, 2025**, Phillips must file a response to this order and notice of deficiency addressing these deficiencies in its allegations that the Court has subject matter jurisdiction over this garnishment application brought under 28 U.S.C. § 1332(a).

SO ORDERED.

DATED: July 2, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE